#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### COLUMBUS DIVISION

| | |
|---|---|
| **CHRISTOPHER WALDEN,** : | |
| **Plaintiff,** : | |
| V. : | NO. 4:24-cv-00055-CDL-MSH |
| **MUSCOGEE COUNTY** : **SUPERIOR COURT,** : | |
| **Defendant.** : | |

### ORDER

Plaintiff Christopher Walden has filed a pleading on the form for a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Based on Plaintiff's allegations and requests for relief, it is unclear whether he is actually seeking relief under § 1983 or whether, instead, Plaintiff is seeking habeas corpus relief under 28 U.S.C. § 2241. Therefore, Plaintiff is now **ORDERED** to clarify the type of relief that he is seeking by filing either a new 42 U.S.C. § 1983 complaint or a 28 U.S.C. § 2241 petition for a writ of habeas corpus.

In particular, Plaintiff generally appears to be challenging his current detention. In this regard, a § 2241 habeas corpus petition is the appropriate pleading for seeking such relief because a writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Plaintiff wants

to move forward with a § 2241 petition, he should be aware that he must have exhausted his state court remedies before he will be able to proceed with a federal habeas corpus petition. *See* 28 U.S.C. § 2244(b); *see also Castro v. United States*, 540 U.S. 375, 382–83 (2003).

Alternatively, insofar as Plaintiff is seeking monetary damages, he may have intended to file this action under 42 U.S.C. § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"). Plaintiff should bear in mind, however, that this Court generally cannot interfere with an ongoing state court action. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Therefore, a § 1983 action may be improper if Plaintiff is attempting to raise claims that would require this Court to decide issues that will be decided in, or otherwise material to, any ongoing state court proceedings.

Habeas corpus cases and § 1983 actions are mutually exclusive, meaning that they cannot be brought together in the same proceeding. Thus, it is necessary for Plaintiff to clarify whether he wants to pursue a § 1983 civil rights action or a § 2241 habeas petition before this case may proceed.

To that end, if Plaintiff is attempting to challenge his current detention and is seeking release, he should complete and return the habeas petition included with this order. Alternatively, if Plaintiff seeks other relief, such as damages or an injunction, for alleged civil rights violations, he should submit a recast 42 U.S.C. § 1983 complaint raising only

claims appropriate for such an action.

Additionally, Plaintiff is **ORDERED** to submit the documentation to complete his motion to proceed *in forma pauperis*. In this regard, a prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Here, Plaintiff has not filed a certified copy of his trust fund account statement. Plaintiff must submit this required documentation if he is seeking to proceed without prepayment of the full filing fee.

Therefore, if Plaintiff wants to proceed with this case, he is now **ORDERED** to file either a § 2241 petition or a § 1983 complaint, depending on the type of relief that he is seeking, as explained above. Plaintiff is also **ORDERED** to file a certified copy of his trust fund account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast pleading and submit his account statement. Plaintiff's failure to fully and timely comply with this order may result in dismissal of this case. Additionally, while this case is pending, Plaintiff must promptly notify the Court in writing as to any change in his mailing address.

The Clerk is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and an account certification form along with his service copy of this order (with the case number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 13th day of May, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE